Michael L. Rodenbaugh
California Bar No. 179059
Marie E. Richmond
California Bar No. 292962
RODENBAUGH LAW
25435 Hutchinson Road
Los Gatos, CA 95033

Attorneys for Mike Rodenbaugh

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RODENBAUGH, a California individual,<br><br>         Plaintiff,<br>    vs.<br><br>DAVID LAHOTI, aka Davendra Kumar Lahoti, an individual; RAVI LAHOTI, aka Ravindra Kumar Lahoti, an individual; and VIRTUAL POINT, INC., formerly a California corporation,<br><br>         Defendants. | Case No. 20-cv-4069<br><br>**COMPLAINT &**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael Rodenbaugh ("Plaintiff") hereby brings this complaint against Defendants David Lahoti, Ravi Lahoti and Virtual Point, Inc. (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This action arises out of the tortious and unlawful acts of Defendants.

### THE PARTIES

2. Plaintiff Michael Rodenbaugh is an individual residing in Santa Cruz County, California.

COMPLAINT &
DEMAND FOR JURY TRIAL

1

3.     Defendant Dave Lahoti is an individual residing, on information and belief, in Irvine, California.

4.     Defendant Ravi Lahoti is an individual residing, on information and belief, in Irvine, California.  On information and belief, Ravi and Dave Lahoti are brothers, and have acted in conjunction and conspiracy with one another to cause the damages alleged herein.

5.     On information and belief, Defendant Virtual Point, Inc. formerly was a California corporation wholly owned by Dave and/or Ravi Lahoti.  Currently, those individual Defendants collectively do business as Virtual Point Inc., though such entity no longer appears registered with the California Secretary of State, and it is unclear if or where such an entity is registered. This purported entity remains a registrant of record for many domain names, including all of the domain names at issue in this Complaint.  Those domain name registration records indicate the individual registrant as "Tech Admin", and on information and belief that person is Defendant Dave Lahoti.

## JURISDICTION AND VENUE

6.     The court has subject matter jurisdiction because the action arises under the United States Code, specifically 15 U.S.C. § 8131 "Cyperpiracy protections for individuals", and the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).  The court has pendant subject matter jurisdiction over Plaintiff's state law claims.

7.     The court has general personal jurisdiction over the Defendants, who are California residents conducting their business primarily in California and generally in this District.

8.     The court has specific personal jurisdiction over the Defendants because they have targeted and continue to target their tortious behavior at Plaintiff in California and in this District, knowing that Plaintiff resides and does business primarily in this District.  Moreover,  Defendants have registered all of the domain names at issue in this litigation with Dynadot, Inc., an ICANN-accredited domain name registrar located and primarily doing business in this District, with its headquarters in San Mateo.

9.     Venue is appropriate in this District because Defendants have targeted and continue to target their tortious behavior at Plaintiff in this District, knowing that Plaintiff resides and does

COMPLAINT &
DEMAND FOR JURY TRIAL

business primarily in this District. Defendants also generally conduct business in this District. For example, Defendants have registered all of the domain names at issue in this litigation with Dynadot, Inc., an ICANN-accredited domain name registrar located and primarily doing business in this District, with its headquarters in San Mateo.

## GENERAL ALLEGATIONS

10. Plaintiff Michael Rodenbaugh is a longstanding active member of the California State Bar, since 1995.

11. Plaintiff has extensive experience, in particular, with legal issues involving domain names and/or trademarks.

12. Plaintiff represents and advises many companies and individuals in the domain name industry, including domain name owners, domain name registrars and domain name registries. Plaintiff also represents and advises trademark owners with respect to domain name infringement and acquisition matters.

13. Plaintiff is an active and well-known community participant with the International Corporation of Assigned Names and Numbers ("ICANN"), which is a California public benefit corporation that develops policy and generally regulates the Domain Name System ("DNS"), and thus the domain name industry -- consisting of ICANN-accredited domain name registries and registrars, and their customers including resellers, investors and end users of domain names.

14. Plaintiff represents domain name registries and registrars in their dealings with ICANN, including arbitration pursuant to ICANN's Independent Review Policy. Plaintiff also participates in many various ICANN policy working groups and implementation teams.

15. Plaintiff is a panelist deciding domain name disputes for the Czech Arbitration Court, and has issued more than a dozen decisions under ICANN's Uniform Dispute Resolution Policy ("UDRP").

16. Plaintiff has directed the prosecution of more than a dozen ACPA cases and 200 UDRP cases, and has successfully defended UDRP and ACPA cases on behalf of domain name owners.

17. Since at least 1974 in general, and since 1995 as an active member of the legal

COMPLAINT &
DEMAND FOR JURY TRIAL

3

profession, Plaintiff has been commonly known as Mike Rodenbaugh.

18. Since September 2007, Plaintiff has done business as Rodenbaugh Law, a reputable law firm specializing in trademark and domain name matters, among other things, with Plaintiff's primary email address mike@rodenbaugh.com and website at rodenbaugh.com and/or rodenbaugh.law.

19. Since at least 2010, Defendants have owned and operated the domain name <UDRPsearch.com>, and have operated a website at that domain name which allows searching of UDRP decisions and commentary on UDRP decisions. Plaintiff regularly has utilized that website in the course of his legal practice; and, on information and belief, many if not most attorneys and other professionals in the domain name industry are familiar with the UDRPsearch website and have visited it frequently in the course of their business.

20. Beginning in 2010, Rodenbaugh Law advised and represented Defendants Dave Lahoti and Virtual Point Inc. in a number of ACPA and UDRP disputes.

21. In or about February 2015, Rodenbaugh Law withdrew as counsel in the only remaining, pending matter for any of the Defendants, and terminated the attorney-client relationship with Defendants.

22. Since 2015, Plaintiff does not recall having had any communication to or from any of the Defendants.

23. In November, 2015, Plaintiff obtained federal registration of the RODENBAUGH LAW trademark, No. 4849962, for the following services:

> Legal consulting services in the field of intellectual property, trademarks, domain names, rights of publicity, copyright, Internet marketing, brand protection and enforcement, and e-commerce; Legal services, namely, intellectual property consulting services in the field of identification, strategy, analytics, and invention; Legal services, namely, preparation of applications for trademark registration; Legal services, namely, providing customized documentation, information, counseling, advice and consultation services in all areas of intellectual property, trademarks, domain names, rights of publicity, copyright, Internet marketing, brand protection and enforcement, and e-commerce; Legal services, namely, trademark maintenance services; Providing customized legal information, counseling, and advice, and litigation services in the field of intellectual property, trademarks, domain names, rights of publicity, copyright, Internet marketing, brand protection and enforcement, and e-commerce; Providing information in the field of

COMPLAINT &
DEMAND FOR JURY TRIAL

intellectual property legal services ; Providing legal research in the field of intellectual property, trademarks, domain names, rights of publicity, copyright, Internet marketing, brand protection and enforcement, and e-commerce; Providing legal services in the field of intellectual property, trademarks, domain names, rights of publicity, copyright, Internet marketing, brand protection and enforcement, and e-commerce; Registration of domain names for identification of users on a global computer network.

24. On May 22, 2020, Defendants registered the domain name <mikerodenbaugh.com> and caused all traffic from UDRPsearch.com to be immediately redirected to a website at mikerodenbaugh.com.  Prominently displayed at the resulting website was, and still is, Plaintiff's facial image, as used on LinkedIn and elsewhere online, and a large and boldface accusation -- to wit ("Defendants' Statement"):



**Mike Rodenbaugh**     is a Trust Fund *FRAUDSTER*...

25. Defendants also immediately offered the <mikerodenbaugh.com> domain name for sale via Defendants' NAMEX domain name sales website.

26. Consistently since May 23, 2020, Plaintiff has been notified by a growing number of colleagues in the domain name legal specialty, and a number of other domain name industry professionals, that they had tried to access UDRPsearch.com, and instead were directed to the aforementioned, defamatory Defendants' Statement.  A number of those professionals expressed confusion as to the source of the domain name <mikerodenbaugh.com>, and all of them expressed concern for the harm to Plaintiff's reputation that has been caused and continues to accrue from Defendants' tortious behavior.

27. Defendants maliciously have sought to direct domain name industry professionals, who are Plaintiff's colleagues, clients and potential clients, to Defendants' Statement by use of UDRPsearch.com and by posting a link to mikerodenbaugh.com in perhaps the most popular domain name industry newsletter, Domain Name Wire.  The use of UDRPsearch.com to redirect

COMPLAINT &
DEMAND FOR JURY TRIAL

to Defendants' Statement (and disparagement of Plaintiff's colleague, David Weslow) was also the subject of a story in popular domain name industry blog, DomainGang.

28. Plaintiff has suffered, and continues to suffer, harm to his valuable professional reputation. Defendants' Statement plainly asserts that Plaintiff has committed "trust fund fraud", which is perhaps the highest form of attorney misconduct, always resulting in sanctions if not disbarment of attorneys -- if not criminal charges. Defendants' Statement has been widely published as a boldface assertion of fact, and is designed to cause clients or prospective clients to question whether Plaintiff stole money from a client. That mere suspicion, however brief or unfounded it may be, is materially harmful to Plaintiff and his professional reputation.

29. Prior to Defendants' Statement, Plaintiff has never even been <u>accused</u> of fraud in any respect, by anyone. The mere implication would be materially damaging to any attorney, but Defendants do not opine or imply, instead they explicitly and falsely state as a purported fact that Plaintiff has committed fraud against a client.

30. Defendants' Statement is a specific, highly damaging and knowingly untrue statement made by Defendants, widely published to legal colleagues and industry peers via use of a domain name that is identical to Plaintiff's personal and professional name. That domain name clearly has been registered in bad faith, in clear violation of specific federal laws relating to domain names, personal names and/or trademarks.

31. Because the harm to Plaintiff and his professional reputation is ongoing and severe, Plaintiff is forced to bring this matter to this Honorable Court for a prompt hearing, and prompt order to effectively stop the Defendants' clearly tortious behavior as soon as possible. This is the last thing Plaintiff wishes to be engaged in during these times, but Plaintiff is left with no other choice.

## COUNT I
## (ACPA Cyberpiracy - Personal Name)

32. Plaintiff incorporates by reference paragraphs 1 through 31 above as if re-stated herein.

33. Defendants registered the domain name <mikerodenbaugh.com>, consisting solely of Plaintiff's personal name, without Plaintiff's consent, and with specific intent to profit from such name by selling it for financial gain to Plaintiff or any third party.

34. Defendant Dave Lahoti has repeatedly been deemed a "serial cybersquatter" by courts in the Ninth Circuit and elsewhere.

35. Therefore, Defendants are liable in a civil action under 15 U.S.C. § 8131(1)(A), and the court may award injunctive relief, including transfer of the domain name to Plaintiff. The court also may award costs and attorneys' fees to Plaintiff as the prevailing party pursuant to Sec. 8131(2).

## COUNT II
### (ACPA Cybersquatting - Trademark)

36. Plaintiff incorporates by reference paragraphs 1 through 35 above as if re-stated herein.

37. Defendants registered the domain name <mikerodenbaugh.com> with bad faith intent to profit from Plaintiff's corresponding service mark and personal name.

38. The domain name corresponds identically to Plaintiff's professional name and distinctive common law trademark. The domain name also is highly confusingly similar to Plaintiff's registered and distinctive RODENBAUGH LAW trademark, insofar as the distinctive portion of that mark is Plaintiff's surname. That surname is wholly incorporated in the domain name, and accompanied only by Plaintiff's common first name, often used by clients and others to refer colloquially and professionally to Plaintiff.

39. Defendant Dave Lahoti has repeatedly been deemed a "serial cybersquatter" by courts in the Ninth Circuit and elsewhere.

40. Therefore, Defendants are liable in a civil action under 15 U.S.C. § 1125(d)(1)(A), and the court may award injunctive relief, including transfer of the domain name to Plaintiff pursuant to § 1125(d)(1)(C). The court also may award costs and attorneys' fees to Plaintiff as the prevailing party in this exceptional case, pursuant to § 1117 of the Lanham Act.

//

## COUNT III
### (Cyberpiracy - Cal. Bus. & Prof. Code Sec. 17525(a))

41. Plaintiff incorporates by reference paragraphs 1 through 40 above as if re-stated herein.

42. Defendants had a bad faith intent to register, traffic in, or use a domain name that is identical or confusingly similar to the personal name of Plaintiff.

43. Therefore, Defendants are liable in a civil action under Cal. Bus. & Prof. Code § 17525(a).

## COUNT IV
### (Defamation)

44. Plaintiff incorporates by reference paragraphs 1 through 43 above as if re-stated herein.

45. Defendants' Statement was published to many persons other than Plaintiff, on the Defendants' website resolving at <mikerodenbaugh.com>, with all traffic to the UDRPsearch website directed instead to Defendants' Statement.

46. There is no question that any person who visited the website reasonably understood that Defendants' Statement was about Plaintiff, because it not only included Plaintiff's full name, but also a photo of Plaintiff.

47. Any person who read the Defendants' Statement could understand it to mean that Plaintiff has committed fraud with respect to client trust funds.

48. Defendants' Statement constitutes defamation *per se* under California law.

49. Defendants recklessly and willfully published Defendants' Statement with malice, oppression and fraud -- indeed with full knowledge both of its absolute falsity, and of its likely severe impact on Plaintiff's professional reputation. Most certainly, they made no reasonable effort to ascertain the truth of their statement before publishing it.

50. As the result of Defendants' wrongful conduct in publishing and continuing to publish Defendants' Statement, which is a substantial factor in causing damage to Plaintiff, Plaintiff has suffered actual harm, including without limitation: (1) harm to Plaintiff's property,

business, trade, profession, and occupation; (2) expenses Plaintiff has paid and will pay as a result of the defamatory statement; and (3) harm to Plaintiff's personal reputation.

51. Plaintiff also seeks punitive damages because clear and convincing evidence proves that Defendants' Statement has been made with malice, oppression, and/or fraud.

### COUNT V
### (Unfair Competition - Cal. Bus. & Prof. Code § 17200 *et seq*)

52. Plaintiff incorporates by reference paragraphs 1 through 51 above as if re-stated herein.

53. Defendants' wrongful acts are unfair and illegal, and cause damage to Plaintiff and injures his business and personal and professional reputation, in violation of § 17200 *et seq.* of the California Business and Professions Code.

54. As a result of Defendants' past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time and effort (i.e. his reasonable attorneys' fees, *pro se*).

### PRAYER FOR RELIEF

55. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award him relief, including but not limited to the following:

 a. A Temporary Restraining Order requiring Defendants to immediately transfer the mikerodenbaugh.com domain name to Plaintiff, and any other confusingly similar domain names, and any other domain names incorporating or referring to Plaintiff's name, owned or controlled by any Defendant;

 b. A Temporary Restraining Order prohibiting Defendants from registering or using any other domain name containing Plaintiff's name and/or mark, or anything confusingly similar thereto;

 c. A Temporary Restraining Order requiring Defendants to remove the Defendants' Statement from any and all websites, domain names, social media accounts or other published locations;

  d. A Temporary Restraining Order requiring Defendants to immediately publish a retraction and apology in all such media, and on the Domain Name Wire and DomainGang blogs, in a form approved by the Court;

  e. A Temporary Restraining Order prohibiting Defendants from publishing any further defamatory statements about Plaintiff, in any media;

  f. A Preliminary Injunction providing the aforesaid relief;

  g. A Permanent Injunction providing the aforesaid relief;

  h. An Order requiring Verisign Inc. (.com domain name registry) and Dynadot Inc. (mikerodenbaugh.com domain name registrar) requiring them to carry out the aforesaid orders, in absence of immediate compliance by Defendants;

  i. An Order requiring Defendants to pay Plaintiff statutory damages of $100,000, pursuant to the ACPA, 15 U.S.C 1117(d);

  j. An Order requiring Defendants to pay Plaintiff damages for cyberpiracy pursuant to California law;

  k. An Order requiring Defendants to pay Plaintiff damages for defamation *per se* pursuant to California law;

  l. An Order requiring Defendants to pay Plaintiff punitive damages for malicious defamation pursuant to California law;

  m. An Order requiring Defendants to pay Plaintiff's costs and reasonable attorneys' fees (including *pro se* attorneys' fees) in this action, pursuant to the Lanham Act 15 U.S.C 1117(a), and pursuant to California Business and Professions Code §§ and 17200 *et seq.*;

  n. Any other relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

56. Plaintiff respectfully requests trial by jury as to all issues so triable.

DATED: June 18, 2020    By: /s/ *Mike Rodenbaugh*

              Mike Rodenbaugh
              RODENBAUGH LAW

COMPLAINT &
DEMAND FOR JURY TRIAL

584 Market Street -- Box 55819
San Francisco, CA  94014
Tel/fax:  (415) 738-8087

COMPLAINT &
DEMAND FOR JURY TRIAL