Michael L. Rodenbaugh
California Bar No. 179059
Marie E. Richmond
California Bar No. 292962
RODENBAUGH LAW
25435 Hutchinson Road
Los Gatos, CA 95033

Attorneys for Mike Rodenbaugh

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODENBAUGH, a California individual, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID LAHOTI, aka Davendra Kumar Lahoti, an individual; RAVI LAHOTI, aka Ravindra Kumar Lahoti, an individual; and VIRTUAL POINT, INC., formerly a California corporation, <br><br> Defendants. | Case No. 20-cv-4069 JSC <br><br> **DECLARATION OF MIKE RODENBAUGH IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [FRCP 65(b)(1); L.R. 65-1]** |

    1.    I, Mike Rodenbaugh, offer this Declaration in support of my *pro se* Complaint and Motion for Temporary Restraining Order against all Defendants. I state the following from my personal knowledge, providing true and correct copies of the documents used as Exhibits herein, under penalty of perjury.

    2.    I reside in Santa Cruz County, California, and am a longstanding active member of

the California State Bar since 1995.

3. I have extensive experience, in particular, with legal issues involving domain names and/or trademarks. My firm represents and advises many companies and individuals in the domain name industry, including domain name owners, domain name registrars and domain name registries. My firm also represents and advises trademark owners with respect to domain name infringement and acquisition matters.

4. I am an active and well-known community participant with the International Corporation of Assigned Names and Numbers ("ICANN"), which is a California public benefit corporation that develops policy and generally regulates the Domain Name System ("DNS"), and thus the domain name industry -- consisting of ICANN-accredited domain name registries and registrars, and their customers including resellers, investors and end users of domain names. I represent domain name registries and registrars in their dealings with ICANN, including arbitration pursuant to ICANN's Independent Review Policy. I also participate in many various ICANN policy working groups and implementation teams.

5. I am a panelist deciding domain name disputes for the Czech Arbitration Court, and I have issued more than a dozen decisions under ICANN's Uniform Dispute Resolution Policy ("UDRP"). I have personally directed the prosecution of more than a dozen ACPA cases and 200 UDRP cases, and I have successfully defended UDRP and ACPA cases on behalf of domain name owners (including Defendants Dave Lahoti and Virtual Point).

6. Since at least 1974 in general, and since 1995 as an active member of the legal profession, I have been commonly known as Mike Rodenbaugh. Since September 2007, I have done business as Rodenbaugh Law, a reputable law firm specializing in trademark and domain name matters, among other things, with my primary email address mike@rodenbaugh.com and website at rodenbaugh.com and/or rodenbaugh.law.

7. Defendant Dave Lahoti is an individual residing, on information and belief, in

DECLARATION OF MIKE RODENBAUGH
ISO PLAINTIFF'S MOTION FOR TRO

Case No. 20-cv-4069 JSC

**2**

Irvine, California. Defendant Ravi Lahoti is an individual residing, on information and belief, in Irvine, California. On information and belief, Ravi and Dave Lahoti are brothers, and have acted in conjunction and conspiracy with one another to cause the damages alleged herein.

8. On information and belief, Defendant Virtual Point, Inc. formerly was a California corporation wholly owned by Defendants Dave and/or Ravi Lahoti. Currently, those individual Defendants collectively do business as Virtual Point, Inc., though such entity no longer appears registered with the California Secretary of State, and it is unclear whether or where such an entity is registered. This purported entity remains a purported registrant of record for many domain names, including all of the domain names at issue in this Complaint. Those domain name registration records indicate the individual registrant as "Tech Admin", and on information and belief that person is Defendant Dave Lahoti. **Ex. A** is a true and correct copy of WHOIS records for mikerodenbaugh.com, udrpsearch.com and davidweslowcheater.com.

9. **Ex. B** is a true and correct copy of UDRP decisions involving Defendants. Defendant Ravi Lahoti recently swore to a federal court that he was the individual registrant for a domain name registered to Virtual Point Inc. *See* Weslow Decl., #7, Ex. A (Lahoti Decl.). The court found him to be a "notorious cybersquatter" as well. **Ex. C** is a true and correct copy of an Order from E.D. Va. Since at least 2010, Defendants have owned and operated the domain name <UDRPsearch.com>, and have operated a website at that domain name which allows searching of UDRP decisions and commentary on UDRP decisions. **Ex. D** is a true and correct copy of a Wayback Machine screenshot showing the UDRPsearch website prior to its repurposing by Defendants to defame me. I regularly have utilized the UDRPsearch website in the course of my legal practice; and I am informed and believe that many if not most attorneys and other professionals in the domain name industry are familiar with the UDRPsearch website and have visited it frequently in the course of their business.

10. Beginning in 2010, Rodenbaugh Law advised and successfully represented

DECLARATION OF MIKE RODENBAUGH
ISO PLAINTIFF'S MOTION FOR TRO

Case No. 20-cv-4069 JSC

**3**

Defendants Dave Lahoti and Virtual Point Inc. in a number of ACPA and UDRP disputes. In or about February 2015, Rodenbaugh Law withdrew as counsel in the only remaining, pending matter for any of the Defendants, and terminated the attorney-client relationship with Defendants. Since 2015, I do not recall having had any communication to or from any of the Defendants.

11. In November 2015, I obtained federal registration of the RODENBAUGH LAW trademark, No. 4849962, for the services described therein. **Ex. E** is a true and correct copy of my USPTO registration certificate.

12. On May 22, 2020, Defendants registered the domain name <mikerodenbaugh.com> without my consent, and caused all DNS traffic from UDRPsearch.com to be immediately redirected to a website at mikerodenbaugh.com. **Ex. F** is a true and correct copy of a screenshot showing the resulting webpage. Prominently displayed at the resulting website was, and still is, my facial image as published by me on LinkedIn and elsewhere online, and a large and boldface, maliciously false assertion that I am a "trust fund fraudster" (collectively, "Defendants' Statement").

13. Defendants also immediately created an "MX" DNS record so they could send email to and from the <mikerodenbaugh.com> domain name. **Ex. G** is a true and correct copy of a record from IPaddress.com, showing the MX record.

14. Defendants also immediately offered that domain name for sale to any third party via Defendants' NAMEX domain name sales website. **Ex. H** is a true and correct copy of a screenshot from Namex.com, and a Google search results page showing that result in a search on my name.

15. Many times since at least May 26, 2020, I have been notified by a growing number of colleagues in the domain name legal specialty, and a number of other domain name industry professionals, that they had tried to access UDRPsearch.com, and instead were directed to the aforementioned, defamatory Defendants' Statement. A number of those professionals expressed

confusion as to the source of the domain name <mikerodenbaugh.com>, and many of them expressed concern for the harm to my reputation that has been caused and continues to accrue from Defendants' tortious behavior. Specifically:

a. On May 26, I heard from well-known domain attorney John Berryhill, who informed me of the UDRPsearch redirection to Defendants' Statement;

b. On May 27, I heard from longtime colleague Phil Lodico, CEO of BrandSight Inc., who was confused whether I had purchased UDRPsearch.com, and informed me of the UDRPsearch redirection "to your website it looks like."

c. On May 28, I heard from well-known ICANN commenter George Kirikos, who informed me of the UDRPsearch redirection to Defendants' Statement;

d. On May 28, I heard from well-known domain name attorney and ICANN commenter Steven Levy, who informed me of the UDRPsearch redirection to Defendants' Statement (*see also*, Levy Declaration);

e. On May 29, I heard from longtime colleague Sara Freixa, Senior Manager at Com Laude, who asked if I had "really pissed off the Lahoti brothers";

f. On June 2, I heard from well-known domain attorney David Weslow of Wiley Rein LLP, who informed me of the UDRPsearch redirection to Defendants' Statement, and noted that Defendants' were now also using the <davidweslowcheater.com> domain name to redirect DNS traffic to Defendants' Statement (*see also*, Weslow Declaration);

g. On June 3, on information and belief, Defendants under the pseudonym "LaughingBoy" posted a link to <mikerodenbaugh.com> in the comment section of a story called "This is how thieves trick customers into wiring money to them" on Domain Name Wire.

h. On June 7, popular domain name blog DomainGang posted a story which

DECLARATION OF MIKE RODENBAUGH
ISO PLAINTIFF'S MOTION FOR TRO
Case No. 20-cv-4069 JSC

highlighted that UDRPsearch traffic was then redirected to <davidweslowcheater.com>, which prominently displayed Defendants' Statement;

  i. On June 16, Plaintiff heard from well-known IP attorney and ICANN commenter Fabricio Vayra of Perkins Coie LLP, who informed Plaintiff of the UDRPsearch redirection to Defendants' Statement.

16. My colleagues and clients often advertise on and/or peruse Domain Name Wire. On information and belief, it is the most popular and successful domain name industry blog. **Ex. I** is a true and correct copy of a screenshot from Domain Name Wire, showing the comment about me and the link to mikerodenbaugh.com.

17. My colleagues and clients often advertise and/or peruse the DomainGang blog. On information and belief, it is one of the more popular blogs for domain name investors. **Ex. J** is a true and correct copy of a DomainGang article referring to Defendants' redirection of DNS traffic intended for the UDRPsearch website, instead leading to prominent publication of Defendants' Statement and disparagement of my colleague, David Weslow.

18. I have suffered, and continue to suffer, harm to my valuable professional reputation. Defendants' Statement plainly asserts that I have committed "trust fund fraud", which I understand to be the highest form of attorney misconduct, always resulting in sanctions if not disbarment of attorneys -- if not also criminal charges. Defendants' Statement has been widely published as a boldface assertion of fact, and is designed to cause my clients or prospective clients to question whether I stole money from a client. That mere suspicion, however brief or unfounded it may be, is materially harmful to me and both my personal and professional reputation. Prior to Defendants' Statement, I do not recall ever having been <u>accused</u> of fraud in any respect, by anyone. The mere implication is materially damaging to any attorney..

19. Because the harm to me and my professional reputation is ongoing and severe, I have been forced to bring this matter to this Honorable Court for a prompt *ex parte* hearing, and

prompt order to effectively stop the Defendants' clearly tortious behavior as soon as possible. This is the last thing I wish to be engaged in during these times, but I feel that I am left with no other choice.

20. I have emailed a link to the Complaint, Scheduling Order, Standing Orders, the Motion for TRO and all supporting documents to the email addresses which I have information and belief to be used by Defendants, including the email address that I used to communicate with Dave Lahoti as of 2015, and the "Tech Admin" email address listed in the WHOIS records at Ex. A which I am informed and believe is monitored and used by Dave Lahoti -- both at the virtualpoint.com domain owned by Defendants. I have also requested all of those documents to be personally served on Dave Lahoti and Ravi Lahoti as soon as practicable.

Respectfully submitted,

DATED: June 18, 2020

By: /s/ *Mike Rodenbaugh*

Mike Rodenbaugh
RODENBAUGH LAW
584 Market Street -- Box 55819
San Francisco, CA  94014
Tel/fax:  (415) 738-8087

DECLARATION OF MIKE RODENBAUGH
ISO PLAINTIFF'S MOTION FOR TRO

Case No. 20-cv-4069 JSC