# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

Michael Cilento
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

**Michael D. Cilento, Esq.**
**michael@ilawco.com**
**347-404-5844**

June 23, 2020

<u>VIA EMAIL</u>

Hon. Edward M. Chen
San Francisco Courthouse, Courtroom 5 – 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102
emccrd@cand.uscourts.gov
EMCpo@cand.uscourts.gov

RE:   3:20-cv-04069-JSC *Rodenbaugh v. Lahoti et al*

Dear Judge Chen:

My firm represent Defendants Dave Lahoti and Virtual Point, Inc. ("Virtual Point") ("Defendants") in the above-entitled action. We will be retaining local counsel and my *pro-hac vice* application will be forthcoming. We write in response to Plaintiff's application for an *ex-parte* temporary restraining order ("TRO") filed yesterday. As briefly summarized below, the application is defective procedurally as well as substantively, and Defendants request that this Court summarily deny Plaintiff's defective application on its face. If the Court were inclined to entertain the application, however, Defendants respectfully request the right to be heard in opposition and given an opportunity to submit a thorough opposition to the application.

**<u>Plaintiff's Application is Procedurally Defective</u>**

To start, Plaintiff makes no showing whatsoever that the application needed to be filed on an *ex-parte* basis seeking emergency relief. In fact, Plaintiff admits that he was aware of the Website as early as May 26, 2020, yet nearly a month has gone by before he decided to file this emergency application. See Compl. ¶ 16.a. But there is no emergency, Defendants' Website does not violate any laws, and Defendants thus have the right to be heard in opposition. Moreover, Plaintiff misrepresented in his Declaration by stating that he emailed links to the Complaint and TRO to Defendants. *See* Doc. 5-1 ¶ 20. Plaintiff did not email or otherwise notify Defendants of the filing until 10:12pm, PST, on June 22, 2020.

LEWIS & LIN LLC

The application is also defective since it requests relief not available through a TRO. It is axiomatic that the goal of preliminary relief through FRCP 65 is to maintain the status quo until a decision can be reached on the merits. Yet, nearly every one of Plaintiff's proposed orders of relief would materially and fundamentally alter the status quo (including the transfer of Defendants' rightful assets, a retraction and apology statement, and orders to stop "defaming" Plaintiff); basically, Plaintiff, through a TRO, is seeking ultimate and decisive relief that he is not entitled to unless he is successful on the merits of his (unfounded) claims in its Complaint.

**Plaintiff is Unlikely to Succeed on Any of His Claims**

Plaintiff has asserted five causes of action against Defendants; the first three are cyberpiracy and cybersquatting-related claims in connection with the domain name <mikerodenbaugh.com> (the "Domain Name"), the fourth is for defamation, and the fifth for unfair competition. All causes of action will fail.

Plaintiff's cyberpiracy and cybersquatting claims fail before they even begin. Plaintiff's own papers show that Defendants Dave Lahoti and Virtual Point registered and are indeed using the Website for a good faith and legitimate purpose: to exercise their free speech rights and warn the public of Plaintiff's unlawful and unethical behavior as a lawyer (as described below). While the Domain Name briefly initially directed to Virtual Point's standard landing page before Defendants populated it with content, Defendants do not have any intention or desire to sell the Domain Name, which is being used for legitimate free speech purposes. Accordingly, Plaintiff is not likely to succeed on these claims.

Regarding Plaintiff's defamation claim, first it should be noted that even if Plaintiff were likely to succeed on the merits, there are adequate legal remedies available to make Plaintiff whole, and thus injunctive relief is not proper. In any event, the claim will fail because the statements are true. Plaintiff undertook certain unethical actions while representing Defendant Dave Lahoti ("Mr. Lahoti") in the past, including diverting $13,000 in settlement funds that belonged to Mr. Lahoti to Plaintiff's own trust account without Mr. Lahoti's authorization. After diverting the funds to his trust account, Plaintiff used $11,000 of the diverted funds to pay an outstanding invoice, which had nothing to do with the settlement in question. Plaintiff then held the other $2,000 towards a request for a new retainer of $20,000 for a different litigation, and ultimately applied those funds to a new invoice. When Mr. Lahoti confronted Plaintiff, Plaintiff threatened to withdraw as his counsel in another ongoing matter and also raised his hourly rates. Plaintiff did ultimately withdraw, and when Mr. Lahoti later demanded an accounting regarding the settlement funds two years later – a communication, which would be difficult to forget, yet Plaintiff appears to have forgotten – Plaintiff did not oblige. Plaintiff's papers conveniently leave out any of the facts concerning his dubious conduct. The above is documented in emails that Mr. Lahoti maintains.

Finally, Plaintiff's unfair competition claim will fail as it fails to plead any of the necessary elements for such a claim. Defendants are not a business, are not in competition with Plaintiff's business, the Domain Name does not sell or advertise any products and services and does not otherwise engage in any other anti-competitive business practices. Accordingly, Plaintiff is certainly not likely to succeed on the merits of this last-ditch cause of action.

LEWIS & LIN LLC

We thank the Court for its attention to this matter and this letter, and respectfully request either the Court deny the application or allow Defendants the opportunity to present and submit a more thorough opposition to the application, including raising other defenses not summarized in this letter.

                                                      Sincerely,

                                        Michael D. Cilento, Esq.

CC: Mike Rodenbaugh (mike@rodenbauch.com)